BECKIE LACOV, Respondent, *v.* OCEAN AVENUE BUILDING CORPORATION et al., Defendants, and SIMON NEWMAN et al., Appellants.

(Argued October 14, 1931; decided November 17, 1931.)

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Arnold M. Schmidt* for appellants. A covenant should be enforced between the original parties thereto, irrespective of any alleged change of neighborhood or other extrinsic circumstances. (*Korn* v. *Campbell*, 192 N. Y. 490; *Trustees* v. *Lynch*, 70 N. Y. 440; *Equitable Life Assurance Society* v. *Brennan*, 148 N. Y. 661; *Evangelical Lutheran Church* v. *Sahlem*, 254 N. Y. 161; *Rowland* v. *Miller*, 139 N. Y. 93; *Dollard* v. *Whowell*, 174 App. Div. 403; *Pagenstecher* v. *Carlson*, 146 App. Div. 738; *40th St. & Park Avenue, Inc.,* v. *Fox*, 222 App. Div. 667; 248 N. Y. 527; *Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22; *Roth* v. *Jung*, 79 App. Div. 1; *Schefer* v. *Ball*, 53 Misc. Rep. 448; 120 App. Div. 880; 192 N. Y. 589; *McClure* v. *Leaycraft*, 183 N. Y. 36; *Batchelor* v. *Hinkle*, 210 N. Y. 243; *Amerman* v. *Deane*, 132 N. Y. 355.)

*Stephen Callaghan* for respondent. The court below was right in awarding plaintiff relief from the restriction herein. (*Equitable Life Assurance Society* v. *Brennan*, 148 N. Y. 661; *Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22; *Trustees of Columbia College* v. *Thacher*, 87 N. Y. 311; *McClure* v. *Leaycraft*, 183 N. Y. 36; *Batchelor* v. *Hinkle*, 210 N. Y. 243; *Amerman* v. *Deane*, 132 N. Y. 385; *Schefer* v. *Ball*, 53 Misc. Rep. 448; 120 App. Div. 880; 192 N. Y. 589; *Jackson* v. *Stevenson*, 156 Mass. 496; *Roth* v. *Jung*, 79 App. Div. 1.) A declaratory judgment was proper. (*Westchester Mortgage Co.* v. *Grand Rapids & Ionia R. R. Co.*, 246 N. Y. 194; *Post* v. *Metropolitan Casualty Ins. Co.*, 227 App. Div. 156; *Ankerson* v. *Connelly*, [1906] 2 Ch. 544; [1907] 1 Ch. 678; *Bristol* v. *Woodward*, 251 N. Y. 275; *Evangelical Lutheran Church* v. *Sahlem*, 254 N. Y. 161; *Baumert* v. *Ambler*, 230 App.

Div. 705; *Amerman* v. *Deane*, 132 N. Y. 355; *Jackson* v. *Stevenson*, 156 Mass. 496.)

*Per Curiam.* This is an action for a declaratory judgment which shall decree that a certain restrictive covenant restraining the use of respondent's land is no longer in effect. The judgment of the trial court in favor of the plaintiff has been unanimously affirmed by the Appellate Division, the basis of the decision being that the neighborhood has so changed as to defeat the object for which the restriction was imposed.

The restriction was contained in a deed from the respondent to the appellant. In seeking to be relieved of the effect of such restriction, the respondent was in effect attempting to violate her contract. Under such circumstances, a court of equity should not grant the relief unless the covenantor places the trial court in possession of evidence from which it can formulate a decree which will work full justice to the covenantee. The granting of the relief prayed for should be awarded only in case the covenantee can be compensated, in the decree, for any substantial damage suffered, and the granting of such relief should be conditioned upon the payment of the damages awarded.

The learned trial justice found as a fact that the appellant would be damaged by the removal of the restriction but that the amount of such damage could not be determined from the evidence offered. In view of that finding, it was reversible error to grant the decree.

The judgment of the Appellate Division and that of the Special Term should be reversed and a new trial granted with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.